# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Ashley Lankford | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 3-18-cv-23-DJH |
| | ) | |
| Diversified Consultants, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Incorp Services, Inc. | ) | |
|     828 Lane Allen Road, Suite 219 | ) | |
|     Lexington, KY 40504 | ) | |
| | ) | |
| Credence Resource Management, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| FBCS, Inc. | ) | |
| *Assumed name for* | ) | |
| Financial Business and Consumer | ) | |
| Solutions, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     FBCS, Inc. | ) | |
|     330 S. Warminster Road, Suite 353 | ) | |
|     Hatboro, PA 19040 | ) | |
| | ) | |
| Enhanced Recovery Company, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     The Corporation Trust Company | ) | |
|     Corporation Trust Center | ) | |
|     1209 Orange Street | ) | |
|     Wilmington, DE 19801 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant Diversified Consultants, Inc.'s violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and for Defendants Credence Resource Management, LLC ("Credence"), FBCS, Inc., assumed name for Financial Business and Consumer Solutions, Inc. ("FBCS"), and Enhanced Recovery Company, LLC ("ERC")'s violations of the Fair Credit Reporting Act ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692k(d), and 15 U.S.C. § 1681p.

## PARTIES

3. Plaintiff Ashley Lankford is a natural person who resides in Jefferson County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Diversified Consultants, Inc. ("Diversified") is a Florida corporation, with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, FL 32256. Diversified has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

5. Diversified is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the Fair Credit Reporting Act ("FCRA").

6. Defendant Credence Resource Management, LLC ("Credence") is a Texas limited liability company, with its principal place of business located at 17000 Dallas Parkway, Suite 204, Dallas, TX 75248. Credence has registered with the Kentucky Secretary of State. Credence is engaged in the business of collecting debts on behalf of other creditors and debt collectors.

7. Credence is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the FCRA.

8. Defendant FBCS, Inc. assumed name for Financial Business and Consumer Solutions, Inc. ("FBCS"), is a Pennsylvania corporation with its principal place of business located at 330 S. Warminster Road, Suite 353, Hatboro, PA 19040. FBCS has not registered with

the Kentucky Secretary of State. FBCS is engaged in the business of collecting debts on behalf of other creditors and debt collectors.

9. FBCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the FCRA.

10. Defendant Enhanced Recovery Company, LLC ("ERC") is a Delaware limited liability company, with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256. ERC has not registered with the Kentucky Secretary of State. ERC is engaged in the business of collecting debts on behalf of other creditors and debt collectors.

11. ERC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the FCRA.

## STATEMENT OF FACTS

12. Plaintiff, Dr. Ashley Lankford ("Dr. Lankford"), has been monitoring her consumer credit reports from Equifax, Experian, and Trans Union on a regular basis in an attempt to improve her credit and credit score.

13. Dr. Lankford was alarmed, distraught, and disturbed to discover a collection account, furnished by Defendant Diversified Consultants, Inc. ("Diversified") in connection with a debt originated by AT&T U-Verse, with an outstanding balance due.

14. Diversified furnished negative credit information about Dr. Lankford and the AT&T U-Verse account for purposes of collecting a "debt" from Dr. Lankford within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

15. Dr. Lankford employed a credit-restoration expert to assist her in getting rid of the erroneous and inaccurate credit information furnished by Diversified.

16. Dr. Lankford does not have, and has never had, an AT&T U-Verse account.

17. Dr. Lankford immediately sent dispute letters to Equifax, Experian, and Trans Union disputing the Diversified collection account.

18. Equifax, Experian, and Trans Union had an affirmative duty under 15 U.S.C. § 1681i(2) to send Diversified prompt notice of the Dr. Lankford's dispute within five (5) business days of receiving the dispute.

19. Equifax, Experian, and Trans Union complied with their statutory duty and sent Diversified notice of Dr. Lankford's disputes.

20. Upon receiving Dr. Lankford's disputes from Equifax and Trans Union, Diversified had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of Dr. Lankford's disputes concerning the accuracy of the credit information Diversified was reporting concerning Dr. Lankford.

21. Diversified breached its duty to conduct a reasonable investigation of Dr. Lankford's dispute.

22. Instead of instructing Equifax, Experian, and Trans Union to delete the erroneous and inaccurate information it was furnishing about Dr. Lankford, Diversified falsely confirmed to the credit reporting bureaus that the credit information it was furnishing about Dr. Lankford was correct.

23. After receiving Diversified's response to her first set of disputes, Dr. Lankford sent a second round of dispute letters to Equifax, Experian, and Trans Union concerning the credit information Diversified was reporting concerning Dr. Lankford.

24. As a result of the second set of dispute letters, Equifax, Experian, and Trans Union all deleted the Diversified credit information from her credit reports.

25. Dr. Lankford spent considerable valuable time and expense in working on, disputing, and removing the erroneous Diversified credit information from her credit report.

26. In addition to the false Diversified credit information on her credit reports, Dr. Lankford discovered unauthorized requests for her credit report made by Diversified and Defendants Credence Resource Management, LLC ("Credence"), FBCS, Inc., assumed name for Financial Business and Consumer Services, Inc. ("FBCS"), and Enhanced Recovery Company, LLC ("ERC").

27. Diversified requested, obtained, and reviewed a copy of Dr. Lankford's Trans Union credit report on July 25, 2017, noting its purpose was "collection," and did so without a permissible purpose for requesting Dr. Lankford's Trans Union credit report.

28. FBCS requested, obtained, and reviewed a copy of Dr. Lankford's Trans Union credit report on August 25, 2017 without noting its purpose for requesting Dr. Lankford's Trans Union credit report.

29. Neither Diversified nor FBCS had a permissible purpose for requesting Dr. Lankford's Trans Union credit report.

30. ERC requested, obtained, and reviewed a copy of Dr. Lankford's Trans Union credit report on January 1, 2017 without stating its purpose for requesting Dr. Lankford's Trans Union credit report.

31. ERC did not have a permissible purpose for requesting Dr. Lankford's Trans Union credit report.

32. Credence requested, obtained, and reviewed a copy of Dr. Lankford's Experian credit report on March 24, 2016 without stating its purpose for requesting Dr. Lankford's Experian credit report.

33. Experian did not have a permissible purpose for requesting Dr. Lankford's Trans Union credit report.

34. On October 18, 2017, Dr. Lankford sent letters to Diversified, FBCS, ERC, and Credence demanding an explanation as to each's reason for requesting her consumer credit report but Diversified, FBCS, ERC, and Credence did not respond to her letters.

35. Dr. Lankford's consumer credit reports were replete with sensitive personal information, and the unauthorized release of Dr. Lankford's consumer credit reports to these creditors was highly offensive to Dr. Lankford.

## Claims for Relief

**I.** **Claims against Diversified Consultants, Inc.**

36. The foregoing acts and omissions of Diversified Consultants, Inc. constitute violations of the FDCPA, including, but not limited to attempting to collect a debt from Dr. Lankford that she did not owe and:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): Diversified falsely represented that Dr. Lankford was delinquent on an AT&T U Verse account with an outstanding balance of $1,099;

    **b.** Violation of 15 U.S.C. § 1692e(8): Diversified reported credit information to consumer reporting agencies that Diversified knew or should have known was false, including reporting that Dr. Lankford was delinquent on an AT&T U Verse account with an outstanding balance of $1,099;

    **c.** Violation of 15 U.S.C. § 1692e(10): Diversified falsely and deceptively represented that Dr. Lankford was delinquent on an AT&T U Verse account with an outstanding balance of $1,099; and

      **d.**    Violation of 15 U.S.C. § 1692f(1): Diversified attempted to collect $1,099 from Dr. Lankford from Dr. Lankford that she did not in fact owe.

## II. Impermissible Pull Claims against Diversified Consultants, Inc.; Credence Resource Management, LLC; FBCS, Inc., assumed name for Financial Business and Consumer Solutions, Inc.; and Enhanced Recovery Company, LLC

37.    Defendants Diversified Consultants, Inc. ("Diversified"), Credence Resource Management ("Credence"), FBCS, Inc., assumed name for Financial Business and Consumer Solutions, Inc. ("FBCS"), and Enhanced Recovery Company, LLC ("ERC") knowingly and intentionally violated the FCRA by requesting Dr. Lankford's consumer credit report for an impermissible purpose, *i.e.* by requesting Dr. Lankford's consumer credit report in connection with either the collection or review of a non-existent account. Therefore, Diversified, Credence, FBCS, and ERC are each liable to Dr. Lankford for statutory damages of $1,000 or the actual damages she has sustained by reason of each's violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

38.    Alternatively, Diversified, Credence, FBCS, and ERC's violations were reckless or negligent, and each is liable to Dr. Lankford for actual damages she has sustained by reason of each defendant's violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ashley Lankford requests that the Court grant her the following relief:

1.    Award Plaintiff the maximum of statutory damages and all of her actual damages under the FDCPA, 15 U.S.C. § 1692k against Defendant Diversified Consultants, Inc.

2.    Award Plaintiff the maximum amount of statutory damages under the FCRA, 15 U.S.C. §1681n against each Defendant;

3.    Award Plaintiff actual damages under the FCRA, 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o against each Defendant;

4.    Award Plaintiff punitive damages under the FCRA, 15 U.S.C. § 1681n against each Defendant;

5. Award Plaintiff Attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

>Respectfully submitted,
>
>/s/ James H. Lawson
>**James H. Lawson**
>*Lawson at Law, PLLC*
>115 S. Sherrin Avenue, Suite 5
>Louisville, KY 40207
>Tel:    (502) 473-6525
>Fax:    (502) 473-6561
>james@kyconsumerlaw.com
>
>James R. McKenzie
>*James R. McKenzie Attorney, PLLC*
>115 S. Sherrin Avenue, Suite 5
>Louisville, KY 40207
>Tel:    (502) 371-2179
>Fax:    (502) 257-7309
>jmckenzie@jmckenzielaw.com